**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10544 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00265-AWI-1 |
| v. | |
| JUSTIN PAUL GLADDING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted June 9, 2014
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Justin Paul Gladding appeals from an order of the United States District

Court for the Eastern District of California, which denied his motion to return

property filed pursuant to Federal Rule of Criminal Procedure 41(g). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Gladding pleaded guilty to one count of receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of one or more matters containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). At his plea hearing, Gladding accepted a plea agreement that forfeited the computers he used to commit his crimes, but asked that the government work with him to retrieve personal, non-contraband files on the forfeit computers. The government agreed, and the district court said, "What I'm going to request is this. That [Gladding's attorney] be given access to the agent. And that we get the best inventory and/or description of what is on the drives. And then that be provided to Mr. Gladding and it be coordinated. The contraband be separated and the balance of the material be returned." Gladding then entered his guilty plea and the court accepted it. Several months later, Gladding filed a Federal Rule of Criminal Procedure 41(g) motion for return of all non-contraband files from the forfeit computers. The district court denied Gladding's motion.

We conclude that the District Court properly denied the motion. To prevail on a Rule 41(g) motion, the burden is on the "criminal defendant [to] demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for

2

the property as evidence has ended." *United States v. Van Cauwenberghe*, 827

F.2d 424, 433 (9th Cir. 1987). Gladding has never satisfied this burden because he

never indicated which property he seeks is non-contraband nor has he

demonstrated that it is non-contraband.

Gladding also seeks specific performance of the prosecutor's promise to

return non-contraband files. Because Gladding never raised this issue before the

district court, however, we decline to entertain it now. *See United States v. Si*, 343

F.3d 1116, 1128 (9th Cir. 2003) ("[A]n issue not presented to the trial court cannot

be raised for the first time on appeal.").

**AFFIRMED**.

*United States v. Gladding*, No. 12-10544
O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent. Neither the district court nor any of the parties disputes that the government has seized non-contraband property in this case. As such, Gladding has met his burden of demonstrating that some of his seized property is not contraband. Moreover, it is unrealistic to expect Gladding to remember which of his tens of thousands of files are non-contraband and identify them for the government. For that reason, Gladding has requested a directory of the hard drives, but the government has refused to provide one. Nothing in our precedents requires a Rule 41(g) movant to identify the relevant non-contraband computer files, yet the majority holds Gladding to this impossible standard.

Because Gladding has met all three factors that we consider for granting a Rule 41(g) motion, *see United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987), he "is presumed to have the right to the return of his property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). Furthermore, I do not believe that his non-contraband property is forfeited under 18 U.S.C. § 2253, an issue which the majority does not reach today.

In the past, we have required the government to turn over non-contraband computer files. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d

1

1162, 1172–75 (9th Cir. 2010) (en banc). We should have done the same here. I would reverse the district court and order the government to return Gladding's non-contraband computer files.